

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney,
El Paso County
El Paso, Texas

Dear Sir;

Opinion No. 0-2157
Re: Revised Civil Statutes
(Vernon's) Articles
7283, 7284a and 7284b --
Redemption by owner of
land sold upon judicial
foreclosure of tax lien
by the State and city.

We beg to acknowledge receipt of your letter
of date March 29, 1940, submitting for a legal opinion
the following case:

"The State and City filed suit and
obtained judgment for $1,000.00, being
the amount of taxes, penalty, interest
and cost due on a certain tract of land.
The judgment also provided for a fore-
closure of the tax lien. The property
was offered for sale by the Sheriff,
and there were no bidders who would pay
the $1,000.00 in taxes, penalty, inter-
est and cost, therefore, the City and
State bid the property in for the amount
of the judgment, being the taxes, penalty,
interest and cost. Six months later the
City and State received an offer of $500.
00 for the property. This offer was
made under Section 9 of Article 7345 (b).
The State and City, through the proper
authorities, consented to the sale to
the party making the offer of $500.00,

and a deed was made to this party by the State and City. Two months after this purchase, the original owner of the property made an offer to redeem the property. Section 12 of Article 7345 (b) is not clear on the question of the amount payable by the original owner in order to redeem this property.

"The specific question is as follows: Can the owner redeem the property by paying to the last purchaser the amount of $500.00, plus 25%, making a total of $625.00, or would it be necessary for the owner to pay the $625.00 to the last named purchaser and pay the difference of $500.00 to the State and City, making a total payment of $1,125.00?

"We have found no authorities upon the question and we believe that the question requires an original construction of the Sections of the Statutes referred to herein. We have not been able to find any cases deciding the questions mentioned."

Section 12 of Article 7345b, Vernon's Revised Civil Statutes, is as follows:

"In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of such sale, have the right to redeem said property on the following basis, to-wit: (1) within the first year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, includ-

Honorable Ernest Guinn - page 3

ing a One ($1.00) Dollar tax deed re-
cording fee and all taxes, penalties,
interest and costs thereafter paid
thereon, plus twenty-five per cent
(25%) of the aggregate total; (2)
within the last year of the redemption
period, upon the payment of the amount
bid for the property by the purchaser
at such sale, including a One ($1.00)
Dollar tax deed recording fee and all
taxes, penalties, interest and costs
thereafter paid thereon, plus fifty
per cent (50%) of the aggregate total.

"In addition to redeeming direct
from the purchaser as aforesaid, re-
demption may also be made upon the basis
hereinabove defined, as provided in Arti-
cles 7284 and 7285 of the Revised Civil
Statutes of Texas of 1925."

We think this statute is reasonably free from
ambiguity. It means where there has been a judicial fore-
closure and sale of the property, the owner of such pro-
perty, or anyone having an interest therein, may within
two years from the date of such sale redeem the property.
If the redemption is made within the first year of the
redemption period, it is upon the payment of the amount
bid for the property by the purchaser at such sale, in-
cluding a $1.00 tax deed recording fee, all taxes, penal-
ties, interest and costs thereafter paid thereon, plus
25% of the aggregate total; if the redemption is made
during the second year of the redemption period, the
same requirements of payment are made save there must
be a 50% instead of a 25% added to the aggregate total.
These payments are to be made to the purchaser, or his
vendee in a proper case.

Assuming that the purchasers -- the State and
the city -- have not since the purchase paid any taxes,
penalties, interest or costs, and assuming that the re-
demption is made during the first year of the redemption
period, the amount to be paid by the owner will be $1251.
25, this being the amount of the purchaser's bid plus
$1.00 tax deed recording fee, and plus the 25% penalty.

Upon receipt of such amount a proper redemption
deed should be executed.

We have not been furnished a copy of the deed executed by the purchasers to their vendee; neither does your statement give us the nature or contents of that instrument, so that we are unable to determine the relative rights of the State, the city, and their vendee, if in any event such vendee has any right in such redemption money.

The redemption ordinarily is to be made from the one who holds the tax title at the time (61 C. J. p. 1276, Sec. 176) where there is no statute upon the subject,(and we have none), but the matter rests entirely in the terms of the deed from the purchaser to his vendee. (See our Opinion No. 0-950). We are not advised in this respect in the present case, and therefore express no opinion as to whether the redemption payment should be made to the purchasers or to their vendee, or as to their respective interests therein.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED APR 18, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN